UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   JOHN M. KERNODLE and                                  No. 10-10424 JA
         BENIDA KERNODLE,

         Debtors.

## ORDER RESULTING FROM FINAL HEARING ON DEBTORS' APPLICATION FOR APPROVAL OF REAFFIRMATION AGREEMENT WITH U.S. NEW MEXICO FEDERAL CREDIT UNION

THIS MATTER came before the Court on the Debtors' Application for Approval of a Reaffirmation Agreement with U.S. New Mexico Federal Credit Union ("USNMFCU"). A hearing on the Debtors' Application for Approval of the Reaffirmation Agreement was scheduled for May 13, 2010 at 4:00 pm before the Honorable Robert H. Jacobvitz in the Sandia Courtroom, thirteenth floor, 500 Gold Avenue SW, Albuquerque, New Mexico. Neither the Debtors nor their counsel appeared at the hearing. Counsel for USNMFCU appeared at the hearing and argued that the Reaffirmation Agreement entered into by the Debtors and USNMFCU is enforceable without the entry of a Court order approving the agreement. This Court agrees.

DISCUSSION

Reaffirmation agreements are governed by 11 U.S.C. § 524. Pursuant to 11 U.S.C. § 524(c), a reaffirmation agreement based on a debt that is otherwise in whole or in part dischargeable, is enforceable "only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived" only if six requirements are met. 11 U.S.C. § 524(c). Among the requirements are certain certifications to be made by counsel for

the debtor when the attorney represents the debtor during the course of negotiating the reaffirmation agreement. 11 U.S.C. § 524(c)(3). Those requirements are: 1) a certification by debtor's counsel that the agreement was a "fully informed and voluntary agreement by the debtor"; 2) a certification that the attorney "fully advised the debtor of the legal effect and consequences" of entering into a reaffirmation agreement and the consequences of defaulting under such an agreement; and 3) a certification that the reaffirmation agreement "does not impose an undue hardship on the debtor or a dependent of the debtor." 11 U.S.C. § 524(c)(3)(A), (B), and (C).

In this case, Debtors were represented by counsel during the course of negotiating the Reaffirmation Agreement. Counsel for the Debtors executed the Reaffirmation Agreement certifying that the agreement represented a fully informed and voluntary agreement, that the Reaffirmation Agreement does not impose an undue hardship on the Debtors, and that he fully advised the Debtors of the legal effect and consequences of entering into the Reaffirmation Agreement as well as the consequences of defaulting under the Reaffirmation Agreement. However, counsel also checked the box indicating that a presumption of undue hardship has been established, but that in his opinion, the Debtors are able to make the required payment under the terms of the Reaffirmation Agreement. *See* Reaffirmation Agreement, Docket No. 19.

Section 524(m)(1) defines the presumption of undue hardship for purposes of reaffirming a debt, and directs the court to review the presumption. 11 U.S.C. § 524(m)(1). The presumption can be rebutted, but the Court may disapprove an agreement after notice and a hearing concluded before the entry of the debtor's discharge if the presumption of undue hardship is not rebutted to the Court's satisfaction. *Id.* Credit Unions, however, are expressly

excepted from the presumption of undue hardship provisions contained in 11 U.S.C. § 524(m).[1]
Thus, when the creditor to a Reaffirmation Agreement is a credit union, the Court may not deny approval of the Reaffirmation Agreement on grounds that the presumption of undue hardship under 11 U.S.C. § 524(m)(1) has not been rebutted.  *See* 11 U.S.C. § 524(m)(2).[2]

It is uncontested that the creditor, USNMFCU, is a credit union as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act.  By signing the Reaffirmation Agreement, counsel certified that the Reaffirmation Agreement does not impose an undue hardship on the Debtors.[3] Because counsel for the Debtor made all the certifications required under 11 U.S.C. § 524(c)(3) and all other applicable requirements of 11 U.S.C. § 524(c) have been satisfied, the Reaffirmation Agreement between USNMFCU and the Debtors is enforceable absent an order approving the Agreement.

## CONCLUSION

Reaffirmation Agreements are not subject to review by the Court when the debtor is represented by counsel in the course of negotiating the agreement who makes the required certifications under 11 U.S.C. § 524(c)(3), all other applicable requirements of 11 U.S.C. § 524(c) are met, and the creditor is a credit union, even when the presumption of undue hardship would otherwise arise.  *See In re Huskinson,* 2008 WL 2388113, at *2 (Bankr.N.D. Ohio June 5, 2008)(stating that, "[b]ased on § 524(m)(2), then, when a debtor enters into a reaffirmation

---

[1] *See* 11 U.S.C. § 524(m)(2) ("This subsection does not apply to reaffirmation agreements where the creditor is a credit union, as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act.").

[2] *See, In re Reed,* 403 B.R. 102, 105-106 (Bankr.N.D.Okla. 2009)(noting that § 524(m) "applies to every reaffirmation agreement except where the creditor is a credit union."); *In re Carver,* 338 B.R. 521, 527 (Bankr.S.D.Ga. 2006), *abrogated on other grounds by In re Dean,* 537 F.3d 1315 (11th Cir. 2008)(acknowledging that the presumption of undue hardship does not apply when the debtor enters into a reaffirmation agreement with a credit union); *In re Rios,* 2007 WL 2409547, at *1 (Bankr.W.D.Tex. Aug. 20, 2007)(acknowledging that 11 U.S.C. § 524 excuses "reaffirmation of debts with credit unions from the 'undue hardship' limitations of section 524(m)(1).").

[3] Because counsel made the "no undue hardship" certification, counsel's further certification that the *presumption* of undue hardship arose, but that, in his opinion, the Debtors are able to make the payments, served no purpose.

3

agreement with a credit union with the assistance of counsel, the reaffirmation agreement is not subject to judicial oversight . . . ").[4] Thus, the Reaffirmation Agreement between the Debtors and USNMFCU which included a certification by Debtors' counsel that the Reaffirmation Agreement represents a fully informed and voluntary agreement, that the Reaffirmation Agreement does not impose an undue hardship, and that he has fully advised the Debtors of the legal effect and consequences of the Reaffirmation Agreement and any default thereunder is enforceable without the entry of an order approving the Reaffirmation Agreement, notwithstanding counsel's statement that a presumption of undue hardship has been established. SO ORDERED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:   May 19, 2010

COPY TO:

John M. Kernodle
Benida Kernodle
6328 Avenida la Costa NE
Albuquerque, NM  87109

James A. Artley
Attorney for U.S. New Mexico Federal Credit Union
3939 Osuna Road NE
Albuquerque, NM   87109

Albert W. Schimmel, III
Attorney for Debtors
PO Box 8
Albuquerque, NM  87103-0008

---

[4] *See also, In re Morton,* 410 B.R. 556, 562 n.2 (6th Cir. BAP 2009)(noting that when "the requirements of section 524(c) are met, the debtor was represented by counsel during the negotiation of the agreement, and the creditor is a credit union, the reaffirmation agreement becomes effective upon filing with the court.")(citing 11 U.S.C. § 524(k)(3)(J)(ii)).

4